Document Filed Electronically

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIRKER ENTERPRISES, INC., | : Civil Action No. 11-2541-FSH-MAH |
| Plaintiff, | : District Judge Faith S. Hochberg |
| v. | : Magistrate Judge Michael A. Hammer |
| EXPRESSION BEAUTY WORKS, INC., DE ROBLIN, INC. (d/b/a MIA SECRET), and LAYLA COSMETICS S.R.L., | : |
| Defendant. | : |

### FINAL JUDGMENT ON CONSENT

On the agreement and consent of plaintiff Kirker Enterprises, Inc. ("Kirker") and defendant Expression Beauty Works, Inc. ("Expression"), and having agreed to the settlement of the claims in this case and consenting to the entry of this Final Judgment on Consent, it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Kirker has the right to bring this cause of action under United States Patent No. 5,935,590 ("the '590 Patent").

3. Defendant Expression, its officers, agents, and employees, and all persons acting in concert or participation with any of the foregoing, including Hae Won Kim, agree not to, and therefore are enjoined from, manufacturing, having manufactured, distributing, importing, advertising, marketing, offering for sale, or selling crackle nail polish, including but not limited to any crackle nail polish presently in Expression's inventory, characterized as forming random cracks after application to nails and upon drying of the applied nail polish layer, and claimed in the '590 Patent, said crackle nail polish including, but not limited to nail polish sold by

Expression under the name Crazed Expression. This injunction does not apply to nail polish supplied to Expression or Kim by Kirker or by an expressly authorized Kirker licensee under the '590 Patent or to nail polish expressly licensed by Kirker. Moreover, Expression shall be afforded a reasonable time, not to exceed fifteen (15) business days from the entry of this Final Judgment on Consent, to effectuate its agreement to cease the advertising, marketing, and offering for sale of the referenced crackle nail polish.

4. In the event Kirker initiates a proceeding against Expression or any of its officers, agents, or employees, including Hae Won Kim, for violation of the aforesaid injunction, Expression and its officers, agents, and employees, including Hae Won Kim, agree not to assert any defense of invalidity of the '590 Patent or that its Crazed Expression products did not infringe the '590 Patent.

5. Except as otherwise set forth in paragraphs 1, 2, 3, 4 and 7 hereof, in the event of any future proceedings regarding this consent order, Kirker's claims against Expression in the instant case are hereby dismissed with prejudice.

6. The parties shall bear their own attorney fees, expenses, and costs.

7. The parties consent to this Court retaining jurisdiction of this case to enforce the provisions of this judgment and the terms of the settlement agreement referenced herein.

8. The parties waive their right to appeal this judgment.

LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07067
*Attorneys for Plaintiff*
*Kirker Enterprises, Inc.*

By: _____
     Arnold I. Rady
     Tel:  908.654.5000
     Fax: 908.654.7866
     E-mail: arady@ldlkm.com
             litigation@ldlkm.com

Dated: Oct 28, 2011

Scott S. Christie
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberrry Street
Newark, NJ 07102

Jeffrey R. Kuester
Todd E. Jones
Amanda G. Hyland
Taylor English Duma LLP
1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
Tel: 770.434.6868; Fax: 770.434.7376

*Attorneys for Defendant*
*Expression Beauty Works, Inc.*

By: _____
     Todd E. Jones

Dated: Oct. 28, 2011

SO ORDERED:

Dated: 11/1/11
       Newark, New Jersey

_____
Faith S. Hochberg, United States District Judge