UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


CLOSED

**Document Filed Electronically**

| KIRKER ENTERPRISES, INC., | : Civil Action No. 11-2541-FSH-MAH |
|---|---|
| Plaintiff, | : District Judge Faith S. Hochberg |
| v. | : Magistrate Judge Michael A. Hammer |
| EXPRESSION BEAUTY WORKS, INC., DE ROBLIN, INC. (d/b/a MIA SECRET), and LAYLA COSMETICS S.R.L., | : |
| Defendant. | : |

## FINAL JUDGMENT ON CONSENT AS TO LAYLA COSMETICS S.R.L.

On the agreement and consent of plaintiff Kirker Enterprises, Inc. ("Kirker") and defendant Layla Cosmetics S.R.L. ("Layla"), and having agreed to the settlement of the claims in this case and consenting to the entry of this Final Judgment on Consent, it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Kirker has the right to bring this cause of action under United States Patent No. 5,935,590 ("the '590 Patent").

3. Defendant Layla, its officers, agents, and employees, and all persons acting in concert or participation with any of the foregoing, agree not to, and therefore are enjoined during the remaining term of the '590 Patent, from exporting to the United States or causing the importation into the United States or manufacturing, having manufactured, distributing, importing, advertising, marketing, offering for sale, or selling in the United States crackle nail polish products, including but not limited to products substantially similar to the crackle nail polish product sold by Layla under the mark "*Graffiti*," characterized as forming random cracks after application to nails and upon drying of the applied nail polish layer, and claimed in the '590 Patent.

4. In the event Kirker initiates a proceeding against Layla or any of its officers, directors, agents, or employees, for violation of the aforesaid injunction, Layla and its officers, directors, agents, and employees, agree not to assert any defense of invalidity or unenforceability of the '590 Patent or that its previously sold *Grafitti* products did not infringe the '590 Patent.

5. Except as otherwise set forth in paragraphs 1, 2, 3, 4, and 7 hereof and in the event of any future proceedings regarding this consent judgment, Kirker's claims against Layla in the instant case are hereby dismissed with prejudice. Layla's counterclaims against Kirker in this case are hereby dismissed with prejudice.

6. The parties shall bear their own attorney fees, expenses, and costs.

7. The parties consent to this Court retaining jurisdiction of this case [solely] to enforce the provisions of this judgment and the terms of the settlement agreement referenced herein.

8. The parties waive their right to appeal this judgment.

| | |
|---|---|
| LERNER, DAVID, LITTENBERG, KRUMHOLZ & MENTLIK, LLP<br>600 South Avenue West<br>Westfield, NJ 07067<br>*Attorneys for Plaintiff*<br>*Kirker Enterprises, Inc.*<br><br>By:     s/ Arnold I. Rady<br>         Arnold I. Rady<br>         Tel:   908.654.5000<br>         Fax:  908.654.7866<br>         E-mail: arady@ldlkm.com<br>                   litigation@ldlkm.com<br><br>Dated:   February 21, 2012 | LUCAS & MERCANTI, LLP<br>475 Park Avenue South,<br>New York, New York 10016<br>*Attorneys for Defendant*<br>*Layla Cosmetics S.R.L.*<br><br>By:     s/ Peter J. Phillips<br>         Peter J. Phillips<br>         Tel: 212.661.8000<br>         Fax: 212.661.8002.<br>         E-mail: pjphillips@lmiplaw.com<br><br>Dated:    February 21, 2012 |

**SO ORDERED:**

Dated:   2-22-12
              Newark, New Jersey                              Faith S. Hochberg, United States District Judge

[Handwritten: Failure to consummate the settlement will not result in the reopening of this matter by the Court to address the merits of the case.]

2